IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHOPMAN'S LOCAL UNION 502 PENSION FUND, et al., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 20-cv-5776 |
| | : | |
| SAMUEL GROSSI & SONS, INC., et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

**SITARSKI, M.J.**                                                                           **January 13, 2022**

Presently pending before the Court is Plaintiffs' Motion to Compel Discovery Responses (Mot. to Compel, ECF No. 46), Defendants' response thereto (Resp., ECF No. 47), and Plaintiffs' reply in support (Reply, ECF No. 54).[1]  For the reasons that follow, Plaintiff's motion shall be **GRANTED in part** and **DENIED in part**.

**I.     RELEVANT BACKGROUND**[2]

Plaintiffs propounded 54 Requests for Production of Documents (RFPs) on all Defendants pursuant to Federal Rule of Civil Procedure 34 on January 12, 2021.  (RFPs, ECF No. 46-2, at Ex. B).  On June 1, 2021, E&R Erectors, Inc. (E&R) and Bensalem Steel Erectors, Inc. (BSE) produced 154 pages of articles of incorporation, bylaws and stock certificates in response to seven of the RFPs and refused to produce documents in response to the other 47.

---

[1]  The Honorable C. Darnell Jones, II referred the matter to me for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).  (Order, ECF No. 50).

[2]  For additional factual background, see my January 5, 2022 memorandum granting Plaintiffs' Motion for Leave to File a Second Amended Complaint.  (Memo., ECF No. 63).  The instant memorandum includes only factual and procedural history pertinent to this dispute.

(Memo. in Supp. of Mot. to Compel, ECF No. 46-3, at 3; Answers & Objections to RFPs, ECF No. 46-2, Ex. F).  After additional communications between counsel, Defendants served revised responses on June 16, 2021, clarifying that the answers and the document production were made on behalf of all Defendants.  (Rev. Answers & Objections to RFPs, ECF No. 47-2).  In correspondence accompanying the revised responses, Defendants took the position that "the overwhelming majority of Plaintiffs' discovery requests improperly appear to seek documents and information that have absolutely no bearing on their controlled group liability claims."  (June 16, 2021 Ltr., ECF No. 46-2, Ex. I).

Counsel exchanged more communications, with counsel for Defendants requesting that Plaintiffs re-serve the RFPs to Samuel Grossi & Sons, Inc. (SGS) under Rule 69, relating to discovery in aid of execution.  (Leeds Decl., ECF No. 46-1, at ¶ 13).  Plaintiffs complied by re-serving identical RFPs (Post-Judgment RFPs) on July 22, 2021.  (Post-Judgment RFPs, ECF No. 46-2, Ex. K).  On August 25, 2021, Plaintiffs' counsel emailed Defendants' counsel asking whether SGS would respond and noting that the 30 days to do so had elapsed.  (Aug. 2021 Email Exch., ECF No. 46-2, Ex. L).  The latter responded that they were gathering documents and would respond in two weeks.  (*Id.*).  On August 27, 2021, Plaintiffs' counsel requested immediate production of available documents and production of additional documents on a rolling basis.  (*Id.*).

After Defendants and their counsel failed to respond to this communication or make the promised production, Plaintiffs filed the instant motion on September 20, 2021.  (Mot. to Compel, ECF No. 46).  Four days later, SGS served a 56-page document production and accompanying responses to the Post-Judgment RFPs.  (Resp., ECF No. 47, at 4; Answers & Objections to Post-Judgment RFPs, ECF No. 47-4).  On October 1, 2021, Defendants filed a response to the motion contending that it was moot as to the Post-Judgment RFPs to SGS in light

of the production and a promised "forthcoming" supplemental production and "premature" as to the RFPs to E&R and BSE.  (Resp., ECF No. 47).  Plaintiffs filed a reply in further support of its motion and in opposition to Defendants' arguments on October 19, 2021.  (Reply, ECF No. 54).

**II**.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 69(a)(2) provides: "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." FED. R. CIV. P. 69(a)(2).  "The rules governing discovery in postjudgment execution proceedings are quite permissive." *Rep. of Arg. v. NML Cap., Ltd.*, 134 S. Ct. 2250, 2254 (2014).  Indeed, Rule 69 allows the "judgment creditor . . . freedom to make a broad inquiry to discover hidden or concealed assets of the judgment creditor." *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014) (quoting *Caisson Corp. v. Cnty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974)).

A district court has discretion when granting or denying discovery in aid of execution. *See Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 296 (3d Cir. 2014).  Under the federal rules,[3] "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's clam or defenses and proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1).  Relevance in the context of discovery is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

---

[3] Plaintiffs do not seek to compel production of the documents through Pennsylvania procedures, which may be permissible under Federal Rule 69(a)(2).  Accordingly, the Court will analyze Plaintiff's motion in accordance with the Federal Rules of Civil Procedure.

3

Generally, this scope is very broad but can be limited "for good cause to protect a person from embarrassment, oppression, or harassment;" *Caisson Corp.*, 62 F.R.D. at 333, and in federal court it must be "proportional" to the needs of a case. FED. R. CIV. P. 26(b)(1). A court should deny a postjudgment discovery request where it "could not possibly lead to executable assets [and therefore] is simply not 'relevant' to execution in the first place." *Ohntrup*, 760 F.3d at 296-97 (quoting *NML Cap., Ltd.*, 134 S.Ct at 2257).

### III. DISCUSSION

#### A. RFPs for Which SGS Has Not Refused to Produce Documents/Information

SGS asserts that it has produced documents in response to several Post-Judgment RFPs – Numbers 1, 3, 4, 6 through 10, 17, 18, 20, 22, 26, 30, 32, 38, 42 through 44, and 53 – but Plaintiffs assert that it is unclear whether SGS has produced *all* documents in response to these requests required under the Federal Rules. (Reply, ECF No. 54, at 4). Further, SGS promised to produce documents in response to Post-Judgment RFP Numbers 19, 21 and 46 on a rolling basis and indicates that it has no discoverable documents responsive to Numbers 23 through 25 and 45. (Resp., ECF No. 47, at 4-5). Accordingly, SGS shall produce any remaining discoverable documents responsive to these requests and revise its responses to certify that, to its knowledge, all such documents have been produced or that it has no such documents.[4]

As for Post-Judgment RFP Number 5, SGS states that it "provided targeted information in lieu of producing documents . . . ." (Resp., ECF No. 47, at 4). Rule 33 gives a party responding to an interrogatory the option to produce business records rather than a substantive written response, but Rule 34 does not contain a similar provision permitting a party responding

---

[4] SGS shall take all acts directed in this Memorandum within 14 days.

to an RFP the option to provide a written response in lieu of documents. *See* FED. R. CIV. P. 33(d); *see generally* FED. R. CIV. P. 34. Accordingly, SGS shall produce all discoverable documents responsive to this request.

      **B.**      **RFPs to Which SGS Has Fully Objected**

SGS has refused to produce any documents in response to Post-Judgment RFP Numbers 2, 11 through 16, 27 through 29, 31, 33 through 37, 39 through 41, and 47 through 52. (Resp., ECF No. 47, at 7-9). The parties do not individually analyze these requests. Instead, SGS essentially objects that they are all irrelevant because they seek "material that has no bearing on ascertaining any assets that may be in the possession of Defendant SGS or any potential garnishee." (*Id.* at 9). Citing *Randall Manufacturing, LLC v. Pier Components, LLC*, it suggests that these Post-Judgment RFPs are improper because "claims for veil piercing and alter ego theories . . . are not enforceable in post-judgment proceedings[.]" (*Id.* at 6 (citing No. 3:14-346, 2017 WL 1519498, at *3-4 (M.D. Pa. Apr. 27, 2017))). SGS also complains that the requests are not properly limited in time. (*Id.* at 9). Plaintiffs respond that although SGS objected to the original RFPs issued under Rule 34, it waived any objections by failing to respond to the Post-Judgment RFPs reissued under Rule 69. (Reply, ECF No. 54, at 1). They further maintain that SGS's objections are meritless because the requests "seek documents directly related to the assets and operations of a judgment-debtor . . . ." (*Id.* at 4). They also distinguish *Randall Manufacturing, LLC* on the basis that in that case the court concluded under Pennsylvania law that the plaintiff was required to file a new action to pierce the veil of the corporate defendant and reach its alter ego, whereas in this case the alter egos are named defendants with pending claims against them. (*Id.* at 3 n.3.).

"[W]hen a party fails to serve objections to interrogatories and/or document requests within the time required, in [the] absence of good cause or of an extension of time to do so, they

5

have generally waived the right to raise objections later." *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 529 (E.D. Pa. 1999) (citations omitted). Nonetheless, under the unique circumstances presented here, the Court finds sufficient good cause to excuse SGS's failure to serve Plaintiffs with its objections to the Rule 69 Post-Judgment RFPs. After Plaintiffs previously served all Defendants with Rule 34 RFPs identical to the Post-Judgment RFPs, Defendants served Plaintiffs with "Defendants' Answers and Objections to Plaintiffs' Document Requests to All Defendants." (Answers & Objections to RFPs, ECF No. 46-2, Ex. F). Notwithstanding the document's references to "Defendants," its introductory paragraph identified only E&R and BSE as the responding parties. (*Id.* at 1). The omission of any specific reference to SGS led Plaintiffs' counsel to inquire whether the responses were also made on behalf of SGS, which Defendants' counsel subsequently confirmed. (June 1-7. 2021 Email Exch., ECF No. 46-2, at Ex. G ("Correct, they are responses from SGS as well as E&R Erectors and Bensalem Steel Erectors.")). Defendants' counsel then also revised the responses to clarify this fact. (Rev. Answers & Objections to RFPs, ECF No. 47-2, at 1). Accordingly, the Court will consider the relevance of the requested documents even though SGS did not respond separately to the identical Post-Judgment RFPs. *See Coregis Ins. Co.*, 187 F.R.D. at 530 (considering the relevance of the requested discovery under Rule 26 despite the responding party's "technical[ ]" waiver of objections by not timely responding to interrogatories).

But the scope of discovery does not exclude documents relevant to Plaintiffs' alternative recovery theories, as SGS contends. Relying on *Randall Manufacturing, LLC*, it posits that any Post-Judgment RFPs relating to its veil piercing, alter ego and similar claims seek irrelevant information because these claims are impermissible in post-judgment proceedings. (Resp., ECF No. 47, at 6 (citing 2017 WL 1519498, at *3-4)). The Court does not read *Randall Manufacturing* so broadly. In that case, the alleged alter ego was not a named defendant; rather,

6

the plaintiff sought to pierce its corporate veil and reach the alter ego's assets by simply filing a motion. *Randall Manufacturing, LLC*, 2017 WL 1519498, at *1, 4. The court rejected the plaintiff's proposed procedural course – including the supporting discovery – because the purported alter ego was entitled to "a 'full dress equity' proceeding, not simply a determination, on motion, pursuant to [Pennsylvania Civil Procedure] Rule 3118."[5] *Id.* at *3 (quoting *Greater Valley Terminal Corp. v. Goodman*, 202 A.2d 89, 93 (Pa. 1964)); *see also* FED. R. CIV. P. 69(a)(1) ("[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located," unless a federal statute applies). These concerns are not present here, where the alleged alter egos are named defendants with pending claims against them. E&R's and BSE's corporate veils will only be pierced if and when judgment is entered against them in this matter, not, as provided in Pennsylvania Rule 3118, "[o]n petition of the plaintiff, after notice and hearing . . . ." PA. R. CIV. P. 3118. Thus, unlike in *Randall Manufacturing, LLC*, there is no reason for the Court to conclude that it "cannot pierce the corporate veil in this proceeding." *Id.* at *2.

Lastly, the Court addresses SGS's contention that the Post-Judgment RFPs lack reasonable temporal limitations. (Resp., ECF No. 47, at 9). As pointed out in Plaintiffs' counsel's July 2, 2021, letter, the requests are limited to the last eight years, from January 1, 2014, through the present. (July 2, 2021 Ltr., ECF No. 46-2, at Ex. J). In light of Plaintiffs' alternative recovery claims, this time period is reasonable and will allow Plaintiffs to investigate properly the nature of the relationships among Defendants in the years leading up to SGS's 2020 withdrawal from the fund. (SAC, ECF No. 34-3, Ex. L at ¶ 18).

---

[5] Pennsylvania Rule 3118 governs "[s]upplementary relief in aid of execution" and provides for various remedies that a plaintiff may obtain via a post-judgment petition. PA. R. CIV. P. 3118. The court in *Randall Manufacturing, LLC* concluded that this rule does not authorize veil piercing as one such remedy. 2017 WL 1519498, at *3.

With these considerations in mind, the Court turns its analysis to the individual Post-Judgment RFPs to which SGS has fully objected.

### 1. Board Minutes (No. 2)

Post-Judgment RFP Number 2 requests:

> 2. All minutes of meetings of the Board of Directors or other governing body of any Defendant, including all riders and/or amendments to documents for any time period.

Relevant, nonprivileged organizational minutes are normally discoverable. *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 195 (E.D. Pa. 2004) (denying a motion for a protective order as to board minutes containing potentially relevant information); *Kopacz v. Del. R. & Bay Auth.*, 225 F.R.D. 494, 497-98 (D.N.J. 2004) (granting a motion to compel as to committee minutes containing potentially relevant information); *In re Atl. Fin. Fed. Sec. Litig.*, No.89-0645, 1991 WL 153075, at *3 (E.D. Pa. Aug. 6, 1991) (granting a motion to compel as to committee minutes containing potentially relevant information); *cf. Welch v. Bd. of Dirs. of Wildwood Golf Club*, 146 F.R.D. 131, 140 (W.D. Pa. 1993) (denying a motion to compel board minutes protected by the attorney-client privilege). Here, meeting minutes – including any amendments and riders thereto – may prove relevant to what assets Defendants possess or have transferred, as well as the relationship between or among Defendants. SGS must produce these documents; however, they may address any confidentiality concerns by marking the documents as such and redacting any portions that are unrelated to this matter. *See Zeller v. S. Cent. Emergency Med. Servs., Inc.*, No. 1:13-CV-2584, 2014 WL 2094340, at *2 (M.D. Pa. May 20, 2014) (the court has authority to fashion relief to protect privacy).

### 2. Relationships Between Defendants and Their Owners (Nos. 11 to 14)

Four of the Post-Judgment RFPs at issue seek documents relating to the relationship between Defendants and their "Owners," defined therein as the people and/or entities with any

8

ownership interest in any Defendant. (Post-Judgment RFPs, ECF No. 46-2, Ex. K, at Def'n K). These Post-Judgment RFPs request:

> 11. All documents consisting of or reflecting communications between or among any Owner and any Defendant.
>
> 12. All written agreements (and any document reflecting or evidencing any written or oral agreement) between or among any Owner and any Defendant (whether or not involving any other party) or between or among any two or more Owners (whether or not involving any other party).
>
> 13. All documents that in any way reflect or concern any action taken or statement made (whether in minutes, communications, report, or any other form) by any Owner regarding any Defendant.
>
> 14. All documents that in any way reflect any business relationship of any kind between any Defendant and any Owner other than an ownership interest.

To the extent that these Post-Judgment RFPs request documents between an Owner and any Defendant in which the Owner has an ownership interest, relating to that ownership interest, they would seemingly cover all manner of topics relating to that relationship, the majority of which likely have little to no bearing on this matter. Accordingly, they are overbroad and disproportionate insofar as they seek such documents. However, to the extent that these requests seek documents between an Owner and any Defendant in which the Owner does *not* have an ownership interest – a substantially smaller universe of documents, one would expect – the requests are proportional and seek information relevant to whether Defendants in fact maintained an arm's length relationship. Similarly, inasmuch as these requests seek documents between an Owner and any Defendant in which the Owner has an ownership interest, but *not* relating to that ownership interest – again, a presumably smaller set of documents – the RFPs are proportional and seek information relevant to whether the Owner and Defendant maintained identities separate from each other. Subject to these limitations, SGS shall produce documents in response to these Post-Judgment RFPs.

### 3.     Relationships Between Defendants (Nos. 15, 16)

Post-Judgment RFP Numbers 15 and 16 request:

> 15. All written agreements (and all documents reflecting or evidencing any written or oral agreement) between or among any Defendant regarding any matter (whether or not involving any other party) for any time period.
>
> 16. All communications between or among any Defendant regarding any matter (whether or not involving any other party).

These requested documents may provide information regarding the relationships between and among Defendants. As such, they go to the heart of Plaintiffs' alternative recovery claims alleging that Defendants are not in practice separate entities, notwithstanding their purportedly distinct corporate forms. SGS shall produce documents in response to Post-Judgment RFP Numbers 15 and 16.

### 4.     Vehicles and Equipment (No. 27)

Post-Judgment RFP Number 27 requests:

> 27. All documents relating to the hiring, renting, leasing, or use of vehicles and/or Equipment in the service of any Defendant, including equipment vouchers, invoices, time records of hours rented and/or work performed utilizing the vehicles and/or Equipment hired, rented, leased, or used, and payment records relating to such.

Whether nominally separate entities share equipment and similar property is a factor for consideration in determining if the entities have "interrelated operations," which is itself a factor in assessing whether the entities are alter egos of each other or constitute a single employer. *Gov't Dev. Bank for P.R. v. Holt Marine Terminal, Inc.*, No. 02-7825, 2011 WL 1135944, at *22 (E.D. Pa. Mar. 24, 2011) (citing *Limbach Co. v. Sheet Metal Workers Int'l Ass'n*, 949 F.2d 1241, 1260 (3d Cir. 1991); *NLRB v. Al Bryant, Inc.*, 711 F.2d 543, 551 (3d Cir. 1983)). This request covers documents that may show that a Defendant procured, paid for or was invoiced for equipment used by another Defendant, or that Defendants otherwise shared the same equipment.

These documents may also show assets held by Defendants. Because this request seeks information relevant to the "interrelated operations" component of Plaintiffs' alter ego and single employer claims, as well as to Defendants' assets, SGS shall produce documents in response to it.

### 5. Licenses and Permits (No. 28)

Post-Judgment RFP Number 28 requests:

> 28. All licenses, permits, or similar documents granting any right or privilege to any Defendant or person acting on behalf of any Defendant (or, to the extent any such documents are not available for production, documents sufficient to identify such documents).

Similar to the preceding request, any licenses, permits or similar documents may constitute assets of Defendants, insofar as they have a monetary value. Accordingly, SGS shall produce documents in response to Post-Judgment RFP Number 28.

### 6. Employees (Nos. 29, 31, 33-37, 39)

Eight of the Post-Judgment RFPs to which SGS objects seek documents regarding Defendants' employees. These requests include:

> 29. All documents showing the identity of any individual who was or is employed by any Defendant.
>
> 31. All payroll records of any Defendant.
>
> 33. All documents reflecting or regarding any employment action taken by any Defendant regarding any employee (other than solely reflecting a wage payment and withholdings reflected on such Defendant's payroll).
>
> 34. All employee handbooks, employee work rules, codes of conduct, and employment policies (such as anti-discrimination or harassment policies) applicable to the employees of any Defendant.
>
> 35. Any and all records reflecting any employee benefits, other than with respect to the Pension Fund, including but not limited to health or pension benefits, provided by any Defendant to any employee.

>	36. Any and all applications completed and submitted to any Defendant by candidates for employment or independent/owner-operator positions that were ultimately hired or retained as employees, independent contractors, or owner-operators by any Defendant.
>
>	37. All documents showing any employee on the payroll of one Defendant who performed work for, received pay from, or was placed on the payroll of any other Defendant for any time period.
>
>	39. Documents sufficient to show the telephone, mailing and email contact information for all officers, directors and employees of any Defendant.

Certain information about Defendants' employees may be relevant to Plaintiffs' claims to disregard corporate formalities. Specifically, their alter ego and single employer claims require consideration of whether employees are routinely shared between Defendants, whether employees of one Defendant work for the others unpaid, and whether employees of different Defendants are paid by the same Defendant. *Holt Marine Terminal, Inc.*, No. 02-7825, 2011 WL 1135944, at *22, 25 (citations omitted). Post-Judgment RFP Number 37 covers this information: documents showing that employees of one Defendant worked for, were paid by, or were otherwise on the payroll of another Defendant. *See id.* SGS shall produce documents in response to this RFP.

In evaluating Plaintiffs' claims, the Court must also consider whether Defendants exercised "centralized control of labor relations"; indeed, it is the most important factor. *N.L.R.B. v. Browning-Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1121 n.1, 1122 (3d Cir. 1982). Post-Judgment RFP Number 34 seeks documents relevant to this factor because shared human resources materials could indicate or be consistent with such centralized control – just as their absence could reflect a lack of centralized control. Likewise, offering employees the same or similar benefits could be relevant to this factor, and thus Number 35 is a proper request as well.

However, nothing in this request shall be interpreted to permit Plaintiffs to obtain documents reflecting the benefits provided to any specific employee, as such documents are not relevant.

Conversely, several other requests are overbroad, redundant, disproportionate or otherwise unnecessary. Number 29 seeks documents "showing the identity of" – i.e., merely making any mention of – any former or current Defendant employee. Number 31 seeks "all payroll records" – presumably including voluminous pay stubs, tax forms, and the like – whether the employee in question ever had any involvement with any other Defendant. Numbers 33 and 36 seek documents reflecting any employment action not reflected on payroll, but including those occurring in the application and hiring process, without consideration, again, for whether the employee was involved strictly with one Defendant or not. Number 39, aside from raising confidentiality concerns, is simply unnecessary. Defendants' officers and directors must be contacted through counsel, rendering the requested information pointless. As for Defendants' employees, Plaintiffs may conduct their investigation into their claims without this Court forcing SGS to turn over employees' personal information for Plaintiffs to contact them without regard to whether they actually have any relevant information or not.

Subject to the limitations set forth above, SGS shall provide documents in response to Post-Judgment RFP Numbers 34, 35 and 37, but not Numbers 29, 31, 33, 36 and 39.

### 7. Union Negotiations and Agreements (Nos. 40, 41)

Post-Judgment RFP Numbers 40 and 41 request:

> 40. All correspondence, notes, memorandums, and/or other documents relevant and/or relating to negotiations between the Union and/or its representatives and any Defendant concerning any matter.

> 41. All agreements between or among any Defendant and the Union for any time period.

These requests do not relate to Defendants' assets, Plaintiffs' alternative recovery theories, or seemingly any other issue remaining in the matter. SGS contributed to the Plaintiff pension fund pursuant to the terms of a series of collective bargaining agreements (CBAs), but a Consent Judgment has been entered against it and its liability has been assessed. (Consent Judgment, ECF No. 31; SAC, ECF No. 34-3, Ex. L, at ¶ 17). The alleged basis for liability against E&R and BSE, who contribute to different pension funds, is not a CBA or any other agreement but rather their alleged status as alter egos of, successors to, or single employers along with SGS. (Resp. to Mot. for Leave to Am., ECF No. 35, at 23 n.6). The Court fails to see what purpose production of these documents will serve, other than to provide Plaintiffs a behind-the-scenes look at SGS's confidential materials regarding negotiation of the CBA (which agreement, along with any others between Plaintiffs and SGS, Plaintiffs should already possess). For these reasons, SGS need not produce any documents in response to Post-Judgment RFP Numbers 40 and 41.

### 8.  Defendants' Owners' Other Business Interests (Nos. 47, 48)

Post-Judgment RFP Numbers 47 and 48 request:

> 47. Documents sufficient to show any partnership, corporation, or other business entity in which any Owner had any ownership interest at any time.

> 48. Documents sufficient to show any partnership, corporation, or other business entity for which any Owner served as a director, officer, or manager at any time.

Alter ego and single employer claims require consideration of whether entities share common owners and common management. *Holt Marine Terminal*, 2011 WL 1135944, at *26, 28. Post-Judgment RFP Number 47 seeks documents regarding the former topic, whereas Number 48 seeks documents regarding the latter. These requests therefore seek relevant materials, and SGS must produce documents in response to them.

14

### 9. Other Entities at Defendants' Locations (Nos. 49, 50, 51)

These three Post-Judgment RFPs seek documents concerning other entities located on the same or contiguous premises as Defendants. They request:

> 49. All documents reflecting any business entity other than a Defendant that operated at the same location or contiguous location as any Defendant operated at any time ("Same Location Entity").
>
> 50. All documents consisting of, evidencing, or related to any agreement between or among any Defendant and any Same Location Entity.
>
> 51. All documents consisting of, evidencing, or related to any transfer of any Asset between or among any Defendant and any Same Location Entity.

Alter ego and single employer claims also require consideration of whether purportedly distinct entities share the same physical space. *Holt Marine Terminal*, 2011 WL 1135944, at *22 (citations omitted). These Post-Judgment RFPs seek documents relevant to this inquiry, as well as about the relationship between or among the entities sharing space. Post-Judgment RFP Number 51 additionally requests documents regarding Defendants' assets. Such information is relevant not only in its own right, but also, potentially, to determine whether Defendants comingled funds, equipment and other assets. *See id.* (whether entities shared funds and equipment is a factor for consideration in alter ego and single employer claims). Accordingly, SGS must produce documents in response Post-Judgment RFP Numbers 49 through 51.

### 10. This Lawsuit (No. 52)

Post-Judgment RFP Number 52 seeks:

> 52. All communications and all other documents referencing, relating to, or otherwise concerning this lawsuit.

This request is proper insofar as it seeks nonprivileged documents concerning this litigation itself. To the extent that Plaintiffs seek documents relating to specific topics at issue in

the litigation, it must obtain them through the other Post-Judgment RFPs addressed to such topics. However, subject to the limitation that this RFP does not impose upon SGS a duty to review its documents for some potential connection to the issues in this lawsuit not specified in the other Post-Judgment RFPs, it must produce documents expressly relating to this lawsuit as requested in Number 52.

### C. RFPs to E&R and BSE

E&R and BSE's sole argument against producing documents in response to the RFPs issued to them is that the requests are "premature" in light of Plaintiffs' motion for leave to amend their complaint to add claims for single employer, successor liability, alter ego and veil piercing. (Resp., ECF No. 47, at 9-10). Defendants acknowledge that "Plaintiffs' Rule 34 RFPDs hinge[ ] entirely on whether, and to what extent, the Court grants Plaintiffs' still-pending Motion for Leave to Amend." (*Id.* (citations omitted)). Because the Court has granted Plaintiffs' motion in full, E&R and BSE shall respond to the RFPs within 30 days, consistent with the foregoing discussion of the Post-Judgment RFPs issued to SGS.

### D. Attorneys' Fees

Plaintiffs request costs and fees incurred in connection with bringing their motion to compel. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), an award of expenses is merely discretionary, as opposed to mandatory, where, as here, "the motion is granted in part and denied in part" rather than granted in full. *Compare* FED. R. CIV. P. 37(a)(5)(A) (requiring payment of "the movant's reasonable expenses incurred in making the motion, including attorney's fees[,]" for a fully granted motion, unless the movant failed to attempt in good faith to resolve the matter, the nondisclosure was substantially justified, or an award would otherwise prove "unjust"), *with* FED. R. CIV. P. 37(a)(5)(C) (award is discretionary if the motion is granted only in part). Here, the Court is ordering SGS to produce documents in response to many, but by

no means all, of the Post-Judgment RFPs at issue. The Court is also limiting the scope of some of the requests. (*See* Post-Judgment RFPs, ECF No. 46-2, Ex. K, at Nos. 11-14, 35, 52). Further, although the Court has rejected many of SGS's objections to production, it does not conclude that, as a whole, SGS was "substantially unjustified" in making them. Under these circumstances, the Court shall exercise its discretion not to require SGS to pay for the expenses incurred by Plaintiffs in litigating the motion. *See Caruso v. Coleman Co.*, 157 F.R.D. 344, 350 (E.D. Pa. 1994) ("In this case, the Court's decision was mixed and neither party was an overall 'winner' or 'loser'. Moreover, it does not appear to this Court that defendant was not substantially justified in its objections. Therefore, the Court will not at this time grant sanctions against defendant.").

### IV.  CONCLUSION

For the foregoing reasons, the Court shall grant in part and deny in part Plaintiffs' motion. An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge